OPINION
{¶ 1} Appellants Richard Dunikowski and Michelle Peavey separately appeal from the June 25, 2002, Judgment Entry of the Guernsey County Court of Common Pleas, Juvenile Division, terminating appellants' parental rights and granting permanent custody of the minor child to the Guernsey County Children Services Board (CSB).
 {¶ 2} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 3} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 4} This appeal shall be considered in accordance with the aforementioned rule.
 Statement of the Facts and Case {¶ 5} On September 30, 2000, minor child Jackie Lee Dunikowski was born to Appellant-Mother Michelle Peavy who was on probation for a felony.
 {¶ 6} On October 23, 2000, Appellant-Mother had her probation revoked and was sentenced to six months incarceration in a state penal institution.
 {¶ 7} On November 21, 2002, based on telephone conversation with CSB, the Court found probable cause to believe that the minor child was dependent.
 {¶ 8} On November 22, 2000, the Guernsey County Children Services Board filed a motion for emergency custody and a complaint for permanent custody of the minor child, Jackie Dunikowski (D.O.B. 9-30-00).
 {¶ 9} A probable cause hearing was held on November 22, 2000, and the child was found to be dependent/neglected and temporary custody was granted to CSB. At this time, the trial court appointed counsel for Appellant-Mother.
 {¶ 10} On December 4, 2000, the trial court appointed a guardian-ad-litem for the minor child.
 {¶ 11} On December 11, 2000, the trial court appointed a Court-Appointed Special Advocate (CASA) for the minor child.
 {¶ 12} On January 11, 2001, the trial court appointed counsel for Appellant-father, who at that time was only the putative father of the minor child. Appellant-father was and is incarcerated in a state penal institution at all times relevant to this case. His expected release date is July, 2003.
 {¶ 13} On March 9, 2001, the CASA filed a report recommending reunification with Appellant-Mother.
 {¶ 14} On March 12, 2001, CSB filed an amended complaint for permanent custody.
 {¶ 15} On March 19, 2001, at the permanent custody hearing, Appellants stipulated that the child was a dependent child, CSB withdrew the motion for permanent custody and the trial court continued temporary custody with CSB. Appellant-father was also found to be the father of the minor child.
 {¶ 16} On March 28, 2001, the trial court approved and adopted the case plan filed by CSB, which required Appellant-Mother, upon her release from prison, to attend counseling at the Thomkins Center and established a visitation schedule for Appellant-Mother with the minor child at the CSB building.
 {¶ 17} On October 17, 2001, the guardian ad litem filed a report recommending reunification with Appellant-Mother.
 {¶ 18} On February 1, 2002, CSB filed an amended Motion for Permanent Custody stating that the minor child had been in the custody of CSB for a period of over 12 of 22 months.
 {¶ 19} On February 7, 2002, the guardian ad litem filed another report recommending reunification with Appellant-Mother.
 {¶ 20} On February 22, 2002, the CASA filed another report recommending reunification with Appellant-Mother.
 {¶ 21} On April 22, 2002, the guardian ad litem filed another report recommending reunification with Appellant-Mother.
 {¶ 22} On April 23, 202, a hearing was held on CSB's amended Motion for Permanent Custody. At said hearing, the trial court heard some testimony but had to continue the hearing to June 25, 2002, due to illness of counsel.
 {¶ 23} On June 25, 2002, said hearing reconvened and concluded. Ruling from the bench, the trial court terminated the parental rights of Appellants and granted permanent custody of the minor child to CSB.
 {¶ 24} On July 11, 2002, the trial court journalized same with supporting findings of fact and conclusions of law.
 {¶ 25} It is from this decision which both Michelle Peavy and Richard Dunikowski have filed separate appeals, assigning the following errors:
 Assignments of Error Appellant Father — Richard Dunikowski I. {¶ 26} "The judgment of the trial court is against the manifest weight of the evidence."
 Appellant Mother — Michelle Peavy I. {¶ 27} "The trial court erred to the material prejudice of the appellant when the trial court failed to appoint an attorney for the child separate and apart from the guardian ad litem."
 II. {¶ 28} "The trial court deprived the appellant of her right to due process of law by not receiving the verbal report of the guardian ad litem under oath and subject to cross examination."
 III. {¶ 29} "That appellee Guernsey County Children Services Board failed to meet its burden of proof by proving with clear and convincing evidence that Jackie Lee Dunikowski could not be reunified with the appellant within a reasonable time."
 IV. {¶ 30} "The trial court committed material error when it refused to grant appellant's motion to dismiss appellee's motion for permanent custody and termination of appellant's parental rights."
 V. {¶ 31} "That appellee Guernsey County Children Services Board failed to meet its burden of proof by proving with clear and convincing evidence that termination of appellant's parental rights was in the best interest of Jackie Lee Dunikowski."
 VI. {¶ 32} "The trial court erred by giving undue weight to expert testimony regarding an alleged lack of attachment of the child to the appellant when the expert had never met with or observed any interaction between the appellant and her son and evidence shoed that the appellant and her son were clearly attached to each other."
 Appellant Mother — Michelle Peavy I. {¶ 33} We will address Appellant-mother's second assignment out of order as we find it to be dispositive of this appeal.
 {¶ 34} In her second assignment of error, Appellant argues that by not allowing her to cross-examine the guardian ad litem as to his report and recommendations, she was denied her right to due process. We agree.
 {¶ 35} In a case of first impression, the Ohio Supreme Court recently considered this exact issue and held:
 {¶ 36} "Due process necessitates that appellee should have had the right to cross-examine the guardian ad litem, since the trial court relied upon the report. As such, notwithstanding R.C. 2151.414(C), we hold that in a permanent custody proceeding in which the guardian ad litem's report will be a factor in the trial court's decision, parties to the proceeding have the right to cross-examine the guardian ad litem concerning the contents of the report and the basis for a custody recommendation. Without these safeguards, there are no measures to ensure the accuracy of the information provided and the credibility of those who made statements." In re: Hoffman, 97 Ohio St.3d 92, 2002-Ohio-5368.
 {¶ 37} Appellant-Mother's second assignment of error is sustained.
 {¶ 38} Based on our ruling as to Appellant's second assignment of error, we find appellant-mother's remaining assignments of error and appellant-father's sole assignment of error to be moot.
 {¶ 39} The judgment of the Guernsey County Court of Common Pleas, Juvenile Division, is reversed and this matter is remanded for proceedings consistent with this opinion.
By: Boggins, J., Hoffman, P.J. and Gwin, J. concur.
Topic: Custody.